```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

|  |  |  |
|---|---|---|
| CATHERINE PIERCE, | | **REPORT**<br>**and** |
| | Plaintiff, | **RECOMMENDATION** |
| v. | | ----------------- |
| | | **DECISION** |
| P & A ADMINISTRATIVE SERVICES, INC., | | **and** |
| | | **ORDER**[1] |
| | Defendant. | |
| | | 09-CV-526A(F) |

APPEARANCES:  E. PETER PFAFF, ESQ.
              Attorney for Plaintiff
              673 Main Street, Suite 5
              East Aurora, New York  14052

              DAMON MOREY LLP
              Attorneys for Defendant
              HEDWIG M. AULETTA, of Counsel
              200 Delaware Avenue, Suite 1200
              Buffalo, New York  14202

## JURISDICTION

This matter was referred to the undersigned for all pretrial matters by Hon. Richard J. Arcara on July 16, 2009 (Doc. No. 5).  It is presently before the court on Defendant's motion for summary judgment, filed December 14, 2009 (Doc. No. 13), Plaintiff's motion for leave to file an amended complaint filed April 1, 2010 (Doc. No. 26), and Plaintiff's motion to compel filed April 29, 2010 (Doc. No. 28).

---

[1] Because the issues presented on these motions are closely intertwined, a combined Report and Recommendation and Decision and Order has been prepared.

## BACKGROUND and FACTS[2]

At the time Plaintiff commenced this action, Plaintiff, a registered nurse, was an employee of Chautauqua Opportunities, Inc., a not-for-profit organization providing charitable services to persons within the State of New York, particularly those residing in Chautauqua County ("Chautauqua Opportunities") and, at present, a non-party. Plaintiff worked full-time as an employee of Chautauqua Opportunities from 1987 to 2000 when she became a part-time employee working over 1,000 hours annually. As of the time this suit, claiming violations of ERISA, 29 U.S.C. § § 1001 *et. seq.,* was commenced Plaintiff was working part-time for Chautauqua Opportunities. Throughout her employment Plaintiff alleges she was a participant in the Chautauqua Opportunities Retirement Plan, Inc. ("the Plan"). The Plan is a tax qualified defined contribution annual plan into which eligible employees made contributions toward a retirement annuity and Chautauqua Opportunities contributed a discretionary amount of 2% of each participant's earnings between 2002 and 2007. The retirement annuities are provided by Nationwide Insurance Company. Defendant, P&A Administrative Services, Inc. ("P&A"), acted as administrator of the Plan from the Plan's inception in 1995 until 2007. From 1995 until January 1, 2002, the Plan excluded from eligibility part-time employees working less than 1638 hours annually.

Plaintiff alleges P&A's obligation as Plan administrator was to inform Chautauqua Opportunities of those employees eligible for contributions to the Plan on behalf of the employees eligible for such contributions so that, pursuant to the Plan,

---

[2] Taken from the papers and pleadings filed in this action.

Chautauqua Opportunities was then able to make its employer contribution to the retirement accounts of eligible employees identified by Defendant. According to Plaintiff, after the Plan was amended in 2002 to conform to applicable tax law requirements to make part-time employees eligible for participation in the Plan, and thus contributions by Chautauqua Opportunities, by reducing the minium annual hours worked to 1,000, Defendant failed to advise Chautauqua Opportunities of the identities of such newly eligible employees, including Plaintiff, so that the Plan's accounts of part-time employees, including Plaintiff, were not credited with the annual contributions by Chautauqua Opportunities that were otherwise made to its full-time employees based on their earnings in accordance with the Plan for the period 2002 through 2007. *See, e.g.*, Exh. A to Attorney Affirmation of Hedwig M. Auletta, § 2.4(a) (administrator to determine eligibility of participants in Plan), (f) (Plan administrator to "compute and certify" to employer Chautauqua Opportunities amount of funds "necessary" to be contributed by employer). Plaintiff, therefore, alleges violations of ERISA, specifically, 29 U.S.C. §§ 1109 ("§ 1109") and § 1132(a)(2) ("§ 1132(a)(2)") asserting that Defendant P&A breached its fiduciary duty to the Plan as plan administrator. Plaintiff also seeks to compel P&A to repay to the Plan P&A's fees paid by Chautauqua Opportunities as well as any commissions earned, and attorneys fees.

In its motion for summary judgment ("Defendant's motion"), Defendant does not, pursuant to Fed.R.Civ.P. 12(b)(6) assert Plaintiff has failed to state a claim, rather, Defendant argues that because under § 1132(a)(2) an individual participant like Plaintiff lacks standing to seek reimbursement to a plan covered by ERISA based on a breach of a fiduciary's duty, and as Plaintiff has not sought to sue in a representative capacity

3

on behalf of the other participants and beneficiaries of the Plan adversely affected by Defendant's alleged breach, the Complaint is subject to summary judgment for failure to meet this threshold legal requirement. Defendant's Memorandum of Law (Doc. No. 16) at 3 (citing *Coan v. Kaufman,* 257 F.3d 250, 261 (2d Cir. 2006)). Defendant also maintains that Plaintiff's complaint is subject to summary judgment on the ground that repayment of fees by a fiduciary acting as a plan administrator is not among the remedies available for ERISA violations under § 1109(a), arguing that as P&A earned no profits from its work in the administration of the Plan, such reimbursement is foreclosed. *Id.* at 10-11 (citing cases). Discovery in this action is not complete as Defendant has refused to proceed with depositions until resolution of its summary judgment request. Plaintiff opposed Defendant's motion by papers filed March 1, 2010 (Doc. No. 22). Plaintiff has also requested an amended scheduling order be issued.

In opposition to Defendant's motion, Plaintiff states that she has, since filing this suit, obtained employee information from Chautauqua Opportunities thereby indicating Plaintiff's desire to sue on behalf of similarly situated employee-participants, and has sought to have another employee join the action as a plaintiff. Defendant refused to respond to Plaintiff's document request, served April 27, 2010, seeking the identity of Chautauqua Opportunities employees for the period 2002-2007, citing alleged privacy grounds and that Plaintiff had previously obtained such information from Chautauqua Opportunities.

By papers filed April 1, 2010, Plaintiff moves for leave, pursuant to Fed.R.Civ.P. 15(a), to file an amended complaint adding Susan K. Ketchum, another retired nurse and former Chautauqua Opportunities employee like Plaintiff, as a party-plaintiff and

Chautauqua Opportunities as a defendant ("Plaintiff's motion to amend"). As with Defendant, the proposed amended complaint also asserts violations of § 1109 and § 1132(a)(2) against Chautauqua Opportunities. Defendant opposes Plaintiff's motion to amend asserting that as with the Complaint the proposed amended complaint does not properly allege it is brought in a representative capacity and therefore is subject to dismissal and thus futile. Defendant also attacks several of the amended complaint's allegations on the grounds of asserted legal insufficiencies. Attorney Affirmation of Hedwig M. Auletta in Response to Plaintiff's motion to amend ¶¶ 5 - 10; ¶¶ 13-18. In particular, Defendant argues Chautauqua Opportunities breached its fiduciary duty to the Plan. *Id.* ¶¶ 13, 23.

In Plaintiff's motion to compel ("Plaintiff's motion to compel"), Plaintiff seeks payroll records of Chautauqua Opportunities from Defendant including addresses and phone numbers of employees, including part-time employees, for the year 2002-2007, Plaintiff's Document Request No. 4 (Doc. No. 28-3), and copies of payroll records for such employees for the years 2002-2008, Plaintiff's Document Request No. 5. Defendant refused production citing privacy issues on behalf of the employees, lack of relevance, and that Plaintiff has previously received such information from Chautauqua Opportunities. *Id.* Defendant also asserts that the data Plaintiff seeks is contained in a computerized database that is currently in the possession of the new Plan administrator, and therefore is no longer in Defendant's possession. Affidavit of Deborah L. Obstarczyk (Doc. No. 32) ¶¶ 11-14. Plaintiff responded to these averments with the affidavit of Bennett Gagliano, owner of TPSI, the new Plan administrator who stated that the requested information remains in Defendant's possession (Doc. No. 34-

5

4 ¶¶ 5-6).

## DISCUSSION

ERISA § 1132(a)(2) authorizes an action on behalf of a plan to obtain equitable or remedial relief to reimburse a plan for any losses attributable to a breach of fiduciary duty by a fiduciary in violation of § 1109(a). *Boyce-Idlett v. Verizon Corporate Services Corp.*, 2007 WL 2589445 *13 (citing 29 U.S.C. §§ 1109(a), 1132(a)(2)). However, such actions seeking such monetary relief must be brought not for an individual participant's benefit but in a representative capacity on behalf of the plan. *Coan v. Kaufman*, 457 F.3d 250, 257 (2d Cir. 2006) (citing *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985); *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993)). In order to protect the interests of absent participants and to avoid redundant suits, a party seeking to enforce fiduciary duties and monetary damages with respect to a plan must proceed in a representative capacity. *Id.* at 260. The requirement of proceeding in a representative capacity may be satisfied by pleading a class action pursuant to Fed.R.Civ.P. 23, making "a good-faith effort to join other participants pursuant to [Fed.R.Civ.P] Rule 19," or taking "adequate steps under the circumstances properly to act in a 'representative capacity on behalf of the plan.'" *Coan*, 457 F.3d at 261 (quoting *Russell*, 473 U.S. at 142 n. 9) (bracketed material added). Thus, the question raised by Defendant's motion is whether the Complaint satisfies the representative capacity requirement established for actions brought pursuant to § 1132(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570. "Asking for plausible grounds to infer [employment discrimination] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [employment discrimination]." *Twombly*, 550 U.S. at 556. "Specific facts are not necessary," because the plaintiff "need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555).

A fair reading of the Complaint demonstrates, contrary to Defendant's argument that Plaintiff has commenced the instant action in a representative capacity but has not, thus far, taken "adequate steps," *Coan,* 457 F.3d at 261, to assure proper notice to the plan participants whose interests Plaintiff seeks to represent. For example, at its outset, the Complaint alleges a claim of breach of fiduciary duty against Defendant "seeking appropriate relief <u>on behalf of the plan</u>." Complaint ¶ 2 (underlining added). Further, in the Complaint, Plaintiff describes Defendant's alleged fiduciary obligation to inform Chautauqua Opportunities of the identities of part-time employees who, as a result of the Plan Amendment in 2002, became eligible for employer discretionary contributions and how, as a result of Defendant's failure to do so, no contributions by Chautauqua Opportunities were made "to each employee's account" in the 401K defined contribution annuity provided to Chautauqua Opportunities and the Plan by a private insurance company. Complaint ¶¶ 12, 17. According to Plaintiff, "[a]lthough

7

the plan had been changed effective January 1, 2002, so as to provide <u>for employees working part time and accruing 1,000 hours of service, Defendant failed to advise the employer of the need to make contributions with regard</u> [*sic*] <u>these particular employees</u>," Complaint ¶ 18 (underlining added), with the result that "<u>the plan</u> did not receive employer contributions on behalf of Plaintiff <u>and other part time employees</u> during the years 2002 through 2007." Complaint ¶ 20. As a plan administrator, Defendant, for purposes of § 1132(a)(2), is a fiduciary under 29 U.S.C. § 1002(14)(A) (fiduciary includes a plan "administrator"). The Complaint therefore charges Defendant with having "breached its fiduciary duties <u>to the Plan and its participants</u> . . .." Complaint ¶ 21 (underlining added). Accordingly, the Complaint alleges sufficient facts showing that Plaintiff as a part-time employee of Chautauqua Opportunities, and similarly situated participants in the Plan should they wish to join the action, have stated a plausible claim for breach of fiduciary duty against Defendant. *Iqbal,* 129 S.Ct. at 1949.

      Thus, the court finds there is no merit in Defendant's contention that the Complaint is defective because it fails to allege claims pursuant to § 1132(a)(2) in a representative capacity. As noted, what Plaintiff has failed to do thus far is provide notice to the other participants similarly situated with Plaintiff and an opportunity for such participants to join in the lawsuit as required for such a representative suit. *Coan*, 457 F.3d at 261 (plaintiff must "take adequate steps under the circumstances to act as representative of the plan) (quoting *Russell*, 473 U.S. at 142 n. 9)). Moreover, even if the Complaint was deficient, as Defendant contends, there is, on this record, no grounds to warrant imposition of summary judgment as Defendant's motion requests, rather, Plaintiff's action could arguably be subject to dismissal pursuant to Fed.R.Civ.P.

12(b)(6), a request Defendant has not made. Specifically, although summary judgment against plaintiff was granted in *Coan*, in that case the Second Circuit affirmed the trial court's grant of summary judgment because the action had been pending for three years without any effort by plaintiff to join other interested plan participants. *Coan*, 457 F.3d at 262 (citing *Coan v. Kaufman,* 349 F.Supp.2d 271, 276 n. 9 (D.Conn. 2004)). The Second Circuit therefore agreed with the district court's action in granting summary judgment because at that point in the case it was "far too late in the day" for plaintiff "to cure the procedural defects in her lawsuit." *Id.* Here, by contrast, the case, although delayed by the instant motions and Defendant's refusal to cooperate in discovery, is a little over one-year old having been filed June 3, 2009, and the required mediation completed in October 2009 (Doc. No. 10). Additionally, Plaintiff has stated her desire to contact similarly situated participants and, by way of the instant motion to compel, is seeking to obtain the information needed to facilitate such required notices as the court may direct. Accordingly, under these circumstances, this case is distinguishable from *Coan* and from the relief granted in that case, and the court finds no basis to grant summary judgment in the instant case. Thus, Defendant's motion should be DENIED.

Defendant also maintains that Plaintiff's request for disgorgement of fees paid by the Plan to Defendant is unavailable under § 1109(a) and therefore seeks summary judgment against this claim. Defendant's Memorandum at 10-11; Defendant's Reply Memorandum at 8-9. Plaintiff responds that discovery is required to determine the exact manner of Defendant's compensation and thus Defendant's request for summary judgment on this issue is premature. Affidavit of E. Peter Pfaff, (Doc. No. 22) ("Pfaff Affidavit") ¶ 13. *Iqbal* requires that a plaintiff allege sufficient facts to render a claim

9

"plausible." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). Section 1109(a) permits restoration to a plan of any "profits" realized by a fiduciary found to be in breach of its duties to a plan. A fair reading of the complaint reveals no specific factual allegation upon which an assertion that Defendant realized any profit from its alleged breach may plausibly be inferred. However, as noted, Background and Facts, *supra*, at 3, Defendant does not contend that Plaintiff's allegations fail to allege a breach of fiduciary duty cognizable under § 1109(a). Therefore, treating Plaintiff's opposition, Pfaff Affidavit ¶ 13, as a request for discovery directed to the question of whether Defendant realized a profit subject to recoupment under § 1109(a) pursuant to Fed.R.Civ.P. 56(f), and given that Defendant has refused to conduct depositions pending resolution of Defendant's motion, the court finds that Plaintiff's request should be GRANTED and, accordingly, Defendant's motion directed to this issue should be DISMISSED without prejudice. The information needed to make a more fully informed determination on the merits of Defendant's contention directed to Plaintiff's request for repayment of any profits Defendant may have accrued as a result of the alleged breach of fiduciary duty should not require a burdensome amount of document or testimonial discovery.

Turning to Plaintiff's motion to amend, as, based on the foregoing discussion, the court finds the Complaint in its core allegations sufficiently states a claim under §1132(a)(2) in a representative capacity, there appears to be no reason to file an amended complaint at this time, other than to revise the caption to state explicitly that Plaintiff sues in its representative capacity on behalf of the Plan and all other participants similarly situated to Plaintiff. Leave to amend may be denied where the

proposed amendment would be futile. *Marchi v. Board of Coop. Educ. Servs. of Albany*, 173 F.3d 469, 477-78 (2d Cir. 1999). Significantly, a proposed amendment is futile "if the proposed claim could not withstand a motion to dismiss for failure to state a claim upon which relief may be granted." *Lucente v. International Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). However, as the proposed amended complaint is neither futile nor dilatory, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and Defendant has failed to demonstrate any prejudice if the amended complaint were to be filed, Plaintiff's motion to amend should be GRANTED.

As to Plaintiff's motion to compel, there is no merit in Defendant's opposition based on privacy considerations or lack of relevancy. *See Gordon v. Kaleida Health,* 2009 WL 3334784 *9 (W.D.N.Y. Oct. 14, 2009) (recognizing that in representative collective actions to enforce the Fair Labor Standards Act, 29 U.S.C. § 216(b), defendant employers have a well-established obligation to provide the names and addresses of potential opt-in plaintiffs) (citing *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Fengler v. Crouse Health Found., Inc.*, 595 F.Supp.2d 189, 198 (N.D.N.Y. 2009))**.** Defendant nevertheless asserts that as the data sought by Plaintiff was contained in a software program called Relius which, because Chautauqua Opportunities changed administrators, it no longer possesses, Defendant is unable to respond. Fed.R.Civ.P. 34(a) requires that to be compelled to produce a document, the party must have possession or control of the document. Plaintiff responds that Defendant has not provided to the Plan's new administrator all data necessary to enable Plaintiff to ascertain the identity of all similarly situated participants who worked part-time for the employer after the 2002 Plan amendment and thus became eligible for

employer contributions to the Plan on their behalf. Plaintiff's Reply Memorandum (Doc. No. 34) at 6. Further, Plaintiff states that while it has obtained the names of all Chautauqua Opportunities employees for the period 2002-2007, and relevant wage information, Plaintiff lacks the mailing addresses for the employees. Affirmation of E. Peter Pfaff (Doc. No. 35) ¶ 2. Finally, according to the Plan's new administrator, a former employee of Defendant who is familiar with the Relius program used by P&A to record employee's personal wage information, Defendant remains in possession of certain payroll information submitted to Defendant by Chautauqua Opportunities through its payroll company "with each biweekly payroll,"[3] essential to Plaintiff's ability to reconstruct the amount of employer contributions to the affected part-time employees that should, as Plaintiff asserts, been made. Affirmation of Bennett Gagliano (Doc. No. 34-4) ¶ 5. Mr. Gagliano, owner of TPSI, Chautauqua Opportunities new Plan administrator, avers he has requested the pertinent payroll information from Defendant and Defendant has refused his request. *Id.* ¶ 9. Defendant has not responded to Mr. Gagliano's statement. The court therefore finds Plaintiff's document requests ¶¶ 3, 4, and 5 seek relevant information which remains in Defendant's possession. Accordingly, Plaintiff's motion to compel is GRANTED.

As the court has broad supervisory responsibility to assure proper notice is provided to absent claimants, *Hoffman-LaRoche, Inc.*, 493 U.S. at 169-70, the court

---

[3] It is not clear from the record whether the requested data also includes mailing address information for the relevant similarly situated employees. *See, e.g.*, Defendant's answer to Plaintiff's Document Request No. 4 requesting addresses and telephone numbers for relevant employees (Doc. No. 28-3) ¶ 4. Defendant's answer states, *inter alia*, that it was "not in possession of the requested telephone numbers," thus reasonably implying it was in possession of the requested address information. Plaintiff may seek this information from Defendant if it has the information, or by subpoena from Chautauqua Opportunities, pursuant to Fed.R.Civ.P. 45.

*sua sponte* directs the parties to take proper steps to provide the notice required. *See* MANUAL FOR COMPLEX LITIGATION, Fourth § 21 at 243-44 (court has "unique responsibilities . . . to protect interest of absent class members").

**CONCLUSION**

Based on the foregoing, Defendant's motion (Doc. No. 13) should be DENIED. Plaintiff's motion for leave to file an amended complaint (Doc. No. 26) is GRANTED. Plaintiff shall file and serve the proposed amended complaint in accordance with this Decision and Order **not later than 10 days** following service of this Decision and Order. Plaintiff's motion to compel (Doc. No. 28) is GRANTED. Defendant shall provide the requested production **not later than 10 days** following service of this Decision and Order.

Plaintiff shall prepare a proposed form of notice advising similarly situated Plan participants of the instant action and providing a procedure for joining the action as similarly situated Plan participants **not later than 10 days** from service of this Decision and Order and shall file the same with the court and shall serve a copy upon Defendant. Plaintiff and Defendant shall attempt to agree upon the form of such notice and report to the court **within 10 days** of Defendant's receipt of Plaintiff's proposed form of notice. The parties shall file a proposed form of notice with the court. The court will thereafter issue a further order directing service of the notice upon such similarly situated participants.

Plaintiff's motion to amend the First Scheduling Order (Doc. No. 12) is

GRANTED.  The parties shall prepare a joint proposed amended scheduling order or file individual proposals **not later than 20 days** following service of this Decision and Order.

Respectfully submitted as to Defendant's motion for summary judgment,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 24, 2010
      Buffalo, New York


SO ORDERED as to Plaintiff's motions
for leave to file an amended complaint,
to compel and for an amended
scheduling order.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 24, 2010
      Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     August 24, 2010
              Buffalo, New York