UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE PIERCE,                                          **REPORT**
SUSAN K. KETCHAM,                                          **and**
                                    Plaintiffs,            **RECOMMENDATION[1]**
            v.                                             ------------------------------
                                                           **DECISION**
P & A ADMINISTRATIVE SERVICES, INC.,                       **and**
CHAUTAUQUA OPPORTUNITIES, INC.,                            **ORDER**

                                    Defendants.            **09-CV-526A(F)**

APPEARANCES:          E. PETER PFAFF, ESQ.
                      Attorney for Plaintiff
                      673 Main Street, Suite 5
                      East Aurora, New York   14052

                      DAMON MOREY LLP
                      Attorneys for Defendant P&A Administrative Services, Inc.
                      HEDWIG M. AULETTA, of Counsel
                      200 Delaware Avenue, Suite 1200
                      Buffalo, New York   14202

                      PHILLIPS LYTLE LLP
                      Attorneys for Defendant Chautauqua Opportunities
                      GARY F. KOTASKA, of Counsel
                      3400 HSBC Center
                      Buffalo, New York   14203

## JURISDICTION

This matter was referred to the undersigned for all pretrial matters by Hon.

Richard J. Arcara on July 16, 2009 (Doc. No. 5).  It is presently before the court on

Defendant Chautauqua Opportunities, Inc.'s motion to dismiss, filed November 15,

---

[1]  A combined Report and Recommendation and Decision and Order is issued based on the closely related nature of the issues.

2010 (Doc. No. 45), the Amended Complaint[2] and to dismiss Defendant P&A

Administrative Services Inc.'s Cross-Claim; Defendant Chautauqua Opportunities, Inc.'s

motion,  filed February 11, 2011 (Doc. No. 55), to dismiss Defendant P&A

Administrative Services's First Amended Cross-Claims, filed December 1, 2010 (Doc.

No. 47), and Defendant P&A Administrative Services, Inc.'s Cross-Motion for Leave to

Add a Cross-Claim, filed March 11, 2011 (Doc. No. 62).


## BACKGROUND

Defendant Chautauqua Opportunities, Inc. ("Defendant COI" or "COI") moved, in

lieu of an answer, on November 15, 2010, (Doc. No. 45), pursuant to Fed.R.Civ.P.

12(b)(6) ("Rule 12(b)(6)") to dismiss the Amended Complaint and the Cross-Claim of

Defendant P&A Administrative Services, Inc. ("Defendant P&A" or "P&A") against COI

for indemnification asserted in P&A's Answer, filed September 14, 2010 (Doc. No. 41)

("COI's motion to dismiss").  COI's motion to dismiss is supported by a Memorandum of

Law in Support of Motion to Dismiss (Doc. No. 45-1) ("COI's Memorandum") and the

Affidavit of Roberta Keller in Support of Motion to Dismiss ("Keller Affidavit"), attaching

Exhibit A ("COI's Exh. A").  Plaintiffs opposed COI's motion to dismiss the Amended

Complaint by filing Plaintiffs' Memorandum in Opposition to the Defendant Employer's

Motion to Dismiss, filed February 11, 2011 (Doc. No. 56) ("Plaintiffs' Memorandum").

On March 3, 2011, COI filed the Reply Memorandum of Law of Defendant Chautauqua

Opportunities, Inc. in Support of Its Motion to Dismiss (Doc. No. 60) ("COI's Reply

---

[2] Denominated by Plaintiffs as the First Amended Complaint (Doc. No. 37).

Memorandum in Support of Motion to Dismiss")

On December 1, 2010, in the absence of an answer by COI to the Amended Complaint, P&A served an Answer to First Amended Complaint with First Amended Cross-Claims asserting three cross-claims, *i.e.*, for indemnification ("First Cross-Claim"), a claim pursuant to 29 U.S.C. § 1132(a)(3)(B) seeking payment of additional employer discretionary contributions from COI on behalf of the COI Retirement Plan ("Second Cross-Claim"), and for payment of such additional employer discretionary non-elective contributions based on COI's breach of contract ("Third Cross-Claim") (collectively "P&A's Cross-Claims") (Doc. No. 47) ("Amended Answer").  On February 11, 2011, Defendant COI moved, pursuant to Rule 12(b)(6), to dismiss P&A's Cross-Claims (Doc. No. 55) ("COI's Motion to Dismiss P&A's Cross-Claims") along with a Memorandum of Law in Support of Motion to Dismiss Cross-Claims (Doc. No. 55-1) ("COI's Memorandum in Support of Motion to Dismiss Cross-Claims").

On March 11, 2011, P&A moved, pursuant to Fed.R.Civ.P. 15(a), for Leave to Amend its Answer to Assert a Cross-Claim for Contribution (Doc. No. 62) ("P&A's motion to amend") along with the Affirmation of Hedwig M. Auletta, Esq. (Doc. No. 63) ("Auletta Affirmation") attaching as an exhibit a Proposed Amended Answer to First Amended Complaint With Cross-Claims (Doc. No. 63-1) ("P&A's Exh. A"), and P&A Administrative Services, Inc.'s Responding Memorandum of Law in Opposition to Chautauqua Opportunities, Inc.'s Motion to Dismiss And In Support Of Its Cross-Motion To Amend Its Answer (Doc. No. 64) ("P&A's Memorandum").  On March 18, 2011, COI filed a Reply Memorandum of Law in Support of Motion of Chautauqua Opportunities, Inc.'s Motion to Dismiss Cross-Claims (Doc. No. 66) ("COI's Reply Memorandum in

Support of Motion to Dismiss Cross-Claims").  COI opposed P&A's motion to amend by

filing, on April 1, 2011, a Memorandum of Law in Opposition to Motion of P&A

Administrative Services, Inc. for Leave to File an Amended Complaint (Doc. No. 67)

("COI Memorandum in Opposition to P&A's Motion for Leave to Amend").  Oral

argument was deemed unnecessary.


## FACTS[3]

At the time Plaintiff Pierce ("Pierce") commenced this action on June 3, 2009,

Pierce, a registered nurse, was employed as a part-time employee of COI, a not-for-

profit organization providing charitable services within the state of New York, particularly

to persons residing within Chautauqua County.  Pierce had previously worked as a full-

time employee of COI from 1987 to 2000 when she became a part-time employee,

however, working over 1,000 hours annually.  Pierce alleged that throughout her

employment with COI she was a participant in the Chautauqua Opportunities

Retirement Plan, Inc. ("the Plan"), a tax qualified defined contribution plan (401-k) into

which eligible employees, including Pierce, made contributions financed through

elective employee payroll deductions toward the purchase of a retirement annuity by

COI when the employee, such as Pierce, was eligible for retirement.  In the original

complaint, Pierce alleged that during the period 2002 and 2007, COI failed to consider

its part-time employees including Pierce in making annual discretionary employer

contributions to the Plan equal to 2% of the part-time employees' wages.

---

[3] Taken from the pleadings and papers filed in the instant action.

Plaintiff Susan K. Ketcham ("Ketcham"), who joined the lawsuit by filing, on September 30, 2010, along with Pierce, the Amended Complaint alleges she, like Pierce, was a participant in the Plan and was also discriminated against by Defendants based on Defendants' failure to make discretionary contributions to her retirement account because of her status as a part-time COI employee.  Plaintiffs sue on behalf of the Plan for the amount of additional employer contributions COI should have made to the Plan based on their wages as part-time employees.  Plaintiffs allege that in accordance with the Plan, COI contributed an annual discretionary amount for the benefit of all participants in the Plan equal to 2% of the wages of all COI employees who participated in the Plan.  Plaintiffs allege that P&A acted as administrator of the Plan since its inception in 1995 until 2007, when it was replaced by a new administrator. Plaintiffs further state that between 1995 and January 1, 2002, the Plan had excluded from eligibility part-time employees working less than 1,635 hours annually.  According to Plaintiffs, the Plan was amended by COI in 2002, to conform to applicable federal tax law requirements, at the recommendation of P&A, to make COI's part-time employees, such as Plaintiffs, eligible for participation in the Plan along with COI's full-time employees to benefit from any annual discretionary employer contributions by CO by reducing to 1,000 the minimal annual hours required for eligibility to participate in the Plan.[4]

In the original complaint, filed June 3, 2009, Plaintiff Pierce alleged that P&A failed to advise COI of the identities of part-time employees who became eligible as of

---

[4]  Plaintiffs do not claim additional contributions on behalf of part-time employees that should have been made based on the Plan's exclusion of part-time employees prior to the amendment to the Plan in 2002.

2002, including Plaintiff Pierce, so that the retirement accounts of such part-time employees maintained by P&A under the Plan were not properly credited with the annual contributions made by COI that were allocated to COI's full-time employees based on their earnings in accordance with the Plan during the period 2002 through 2007.  Plaintiff Pierce, therefore, alleged that P&A, as a plan fiduciary under 29 U.S.C. § § 1000 *et. seq.*, ("ERISA"), breached its fiduciary duty to the Plan, as Plan administrator, in violation of 29 U.S.C. § 1109 ("§ 1109") and sued P&A pursuant to 29 U.S.C. § 1132(a)(2) ("§ 1132(a)(2)"), in her capacity as a participant in the Plan seeking to make the Plan whole as a result of the lower than the amount of COI's annual employer discretionary contributions allegedly required to avoid the exclusion of part-time employees.[5]

On December 14, 2009, P&A moved for summary judgment on the ground that Pierce had failed to establish standing to seek reimbursement for the Plan based on a breach of fiduciary duty as Plaintiff had not sought to sue in a representative capacity on behalf of other participants and beneficiaries of the Plan adversely affected by P&A's alleged breach as required under § 1132(a)(2).  In a Report and Recommendation ("R&R"), filed August 24, 2010, the undersigned found that, contrary to P&A's assertion, the Complaint did seek redress for violations of § 1109 remedies in a representative capacity on behalf of the Plan, and that P&A's motion for summary judgment should therefore be denied.  In an Order filed September 10, 2010, District Judge Arcara adopted the R&R and denied P&A's motion (Doc. No. 39).

---

[5]  The Amended Complaint does not allege a violation of 29 U.S.C. § 1132(a)(2) which permits a participant in the Plan to recover benefits due a participant under a plan covered by ERISA or to enforce rights under the Plan or clarify rights to future benefits under a plan.

As part of P&A's motion for summary judgment, P&A filed a copy of the Chautauqua Opportunities, Inc. Retirement Plan, effective January 1, 2002 (Doc. No. 15) ("the Plan").  On March 1, 2010, Plaintiff filed her opposition to Defendant P&A's summary judgment motion and included a copy of the Chautauqua Opportunities, Inc. Retirement Plan Summary Plan Description (Doc. No. 22-4) ("Summary Plan Description").

Prior to Judge Arcara's ruling adopting the R&R, Pierce and, as noted, Ketcham, Facts, *supra*, at 4-5, another part-time nurse employee of COI, filed, on September 3, 2010, the Amended Complaint against P&A and COI pursuant to 29 U.S.C. §§ 1109 and 1132(a)(2).  As in the original complaint, Plaintiffs alleged that P&A, as Plan administrator, violated its fiduciary duties to the Plan so that Plaintiffs, as well as other similarly situated employees of COI, *i.e.*, part-time employees working at least 1,000 hours per year, during the period 2002 - 2007, did not receive the benefit of COI's annual discretionary employer contributions to the Plan in the amount of 2% of each such participant's earnings as eligible part-time employees in accordance with the amended version of the Plan adopted by COI in 2002.  Amended Complaint ¶ ¶ 13, 15-17.  Plaintiffs also allege that COI violated its fiduciary duty to make discretionary employer contributions to the Plan annually from 2002 to 2007, on behalf of Plaintiffs and other similarly situated employees as eligible participants, based on Defendants' failure to include the wages of Plaintiffs and such other COI part-time employees in determining the correct amount (2% of the wages of the excluded employees) of such annual employer contributions.  *Id.* ¶ ¶ 18-19.

Specifically, as to P&A, Plaintiffs allege a breach of P&A's fiduciary duty to

properly administer the Plan according to its terms by failing to advise COI of the need to make contributions on behalf of its eligible part-time employees, Amended Complaint ¶ 17A, failing to assure the Plan was administered in accordance with its terms to include part-time employees in the calculation of the annual employer discretionary contributions made by COI during the 2002-2007 period, *id.* ¶ 17 B, failing to confirm all eligible employees received the benefit of employer contributions under the Plan for the period 2002 - 2007, *id.* ¶ 17C, and by failing to advise Plan participants, including Plaintiffs and other employees similarly situated, that employer discretionary contributions by COI during this period to the Plan, which were required to be made under the Plan, were not made for the benefit of such eligible employees.  *Id.* ¶ 17D. As a result, according to Plaintiffs, Plaintiffs and other similarly situated employees failed to receive the financial benefit of the employer discretionary contributions for which COI was responsible under the Plan of approximately $250,000 which amount should have been but was not contributed by COI as the employer, pursuant to the Plan, as a result of P&A's breach of its fiduciary duties under the Plan.  Amended Complaint ¶ ¶ 16, 17 at 5, 6.  Plaintiffs, therefore, seek damages on behalf of the Plan from P&A and COI to make all eligible participants who were omitted from COI's contribution whole for the deficiency in the amount of employer discretionary contributions for the period 2002-2007 and subsequent related lost earnings, attorneys fees and costs.  *Id.* at 5.

As to COI, Plaintiffs allege that (1) COI had a fiduciary duty under the Plan to make employer discretionary contributions to the Plan for eligible part-time employees including Plaintiffs and other similarly situated employees, Amended Complaint ¶ 17 at 6, (2) COI during 2002-2007 made employer contributions under the Plan in the amount

of 2% of all eligible full-time employee's annual earnings but excluded the wages of its part-time employees in determining the amount of COI's discretionary contribution to the Plan, *id.* ¶ 18, and (3) as a result of COI's breach of fiduciary duty to make discretionary contributions to the Plan on behalf of all eligible COI employees, the Plan was not properly funded and that part-time employees, including Plaintiffs who are otherwise eligible to receive the benefits of such employer contributions, were not credited with the financial benefit of any employer discretionary contributions as required by the Plan during the 2002-2007 period.  Amended Complaint ¶ 19.

Under the Plan, each participant has an individual account based on the participants' elective contributions to be used to fund a pension annuity upon such eligible employee's retirement.  Plan §§ 1.36, 1.38, 1.40.  As employer and sponsor of the Plan, COI, was to contribute to the Plan the annual total elective salary reductions of all participants, and an annual discretionary amount referred as the Employer Non-Elective Contribution.  Plan § 4.1(a), (b).[6]  Further, the administrator, P&A, was required to maintain an account in the name of each participant and credit all amounts of each employee's elective salary reduction allocated to each employee-participant account as required by the Plan.  Plan § 4.4(a), (b)(1).  As relevant, the annual employer discretionary elective contribution was to be allocated among each participant's retirement accounts as maintained by P&A proportionally based on a fraction equal to the ratio each participant's own compensation for the calendar year bears to the total compensation of all participants for such year.  Plan § 4.4(a), (b)(2).

---

[6]  The Plan does not specify how the employee salary reductions are transferred to P&A for allocation to the employee retirement accounts.

The Plan also required that COI, as the employer, appoint an administrator for the Plan, Plan §§ 1.2, 2.2, establish a funding policy and method, *i.e.,* designate the financial instruments used to fund accrued participant benefits, and review periodically the performance of any fiduciary to whom duties have been delegated or allocated under the Plan.  Plan § 2.1.  The Plan also required COI, as employer, to provide "full and timely" information to the administrator of the Plan of all pertinent facts as the administrator may require in order to perform its function under the Plan, Plan § 2.7, and to periodically review the performance of the Plan administrator.  Plan § 2.1(d). COI, as employer was granted authority to identify a Designated Investment Alternative as an available investment for assets of the Plan.  Plan § 1.12. The Plan Funds, representing the assets of the Plan, were to be invested in Funding Vehicles approved by COI as the employer.  Plan § 1.24.

The administrator of the Plan, P&A, was required to administer the Plan in accordance with its terms and specifically to determine the eligibility of employees to participate in the Plan, determine the amount of benefits to which any participant was entitled under the Plan, maintain all records necessary to administer the Plan, to compute and certify to the employer the amounts necessary and desirable to be contributed to the sponsor of the investment instruments required to provide participant benefits, Plan § 2.4(a), (b), (d), (f), to assist participants regarding the participants' rights and benefits, and to perform all acts necessary to carry out the purposes of the Plan.  Plan § 2.4(j), (l).

The administrator was further required to determine the eligibility of each employee for participation in the Plan based on information provided by the employer.

10

Plan § 3.3.  The Plan also stated that any participant actively employed in the Plan during the Plan year was eligible to share in the annual discretionary employer contribution provided by the employer for such year.  Plan § 4.4(b).  A participant was vested 100% in the participant's account or the amount resulting in the account from the employer non-elective discretionary contributions according to a schedule under which the participant would be vested 50% in such account after two years of service. and 100% after three years of service.  Plan § 5.4(b), § 1.38.

The Plan designated both the employer, COI, and the administrator, P&A, as fiduciaries of the Plan, Plan § 7.11, with the employer having the sole responsibility for making all contributions provided under the Plan including both the elective employee and non-elective annual employer discretionary contribution.  Plan § 4.1.  Fiduciaries of the Plan also included persons exercising discretion in management of the Plan, having any authority over Plan assets, or granted any "discretionary authority or . . . responsibility in the administration of the Plan."  Plan § 1.20.  Each fiduciary warranted that any "directions given, information furnished or action taken by it [the fiduciary]" shall be in accordance with the Plan.  Plan § 7.11.  However, each fiduciary was entitled to "rely upon any such direction, information or action of another fiduciary as being proper under the Plan and is not required under the Plan to inquire into the propriety of any such direction, information, or action."  *Id.*  The Plan provided that each fiduciary was responsible for "the proper exercise of its own powers, duties, responsibilities and obligations under the Plan."  *Id.*

According to the Plan Summary Description, all participant elective contributions were to be automatically invested in annuity contracts on behalf of each participant and

11

upon retirement or termination, participants became eligible to receive the value of the amounts accumulated in their respective accounts.  Summary Plan Description (Doc. No. 22-4) at 5.  As employer, COI, was expected to contribute the amount of salary reduction which each participant elected to defer as wages as well as a discretionary amount of the annual employer contribution determined by COI which eligible employees shared in accordance with the allocation ratio provided in § 4.4 of the Plan. Summary Plan Description at 7.  Participants were 100% vested in the their respective employee elective salary reduction amounts contributed to the retirement accounts maintained on their behalf by the administrator.  Summary Plan Description at 8, 12. The Summary Plan Description also stated that the Employer, COI, "intends to make discretionary contributions" for each Plan participant as a reward for "long and loyal service" in order to provide additional retirement benefits.  Summary Plan Description at 5.  The Summary Plan Description further stated that those who operate the Plan are considered as fiduciaries of the Plan and have a "duty to do so prudently and in the interests of you and other Plan participants and beneficiaries."  Summary Plan Description at 25.

In support of its cross-claim for indemnification, as pleaded in its Answer to the Amended Complaint ("Answer"), P&A alleged that COI was the Plan sponsor and the Plan fiduciary having responsibility for proper administration of the Plan, specifically the authority and responsibility to assure the Plan was operated for the benefit of the participants in accordance with the terms of the Plan, and had the responsibility for establishing a funding policy and method of funding for the Plan along with the responsibility to periodically review the performance of any other fiduciary such as P&A,

the Plan Administrator.  Answer ¶ ¶ 30-34.  P&A also alleged that in the event it is found that employees of COI, such as Plaintiffs, should have been included but were erroneously omitted from receiving the benefit of COI's discretionary contributions, COI must indemnify for any award against P&A for damages on behalf of the Plan.

In the Amended Answer, filed December 1, 2010 (Doc. No. 47),[7] P&A alleges P&A and COI are fiduciaries of the Plan.  Amended Answer ¶ ¶ 31-32.  P&A also alleges that under the Plan any employer contributions that should have been made for the benefit of a participant were the responsibility of COI, and that during the 2002-2007 period COI failed to provide P&A with accurate information concerning COI's employees necessary to correctly determine which COI's employees, particularly COI's part-time employees like Plaintiffs, were eligible for inclusion in establishing the annual discretionary employer contribution, and, based on the lack of accurate or complete payroll information P&A informed COI that certain eligible employees had not received employer contributions.  Amended Answer ¶ ¶ 37-39.  P&A further alleged that during 2002-2007 COI assumed control of the determination of eligibility of its employees for participation in the Plan.  *Id.* ¶ 40.  P&A also asserted that because of COI's failure to make contributions during this period for the benefit of all its eligible employees under the Plan, the Plan was not properly funded.  *Id.* ¶ 41.

In P&A's Proposed Amended Answer, P&A asserts that under the Plan COI "had a fiduciary duty to make appropriate employee contributions" for eligible employees, P&A Exh. A ¶ ¶ 8, 30, and that COI supplied through COI's "payroll contractor" "payroll

---

[7]  A party may file an amended pleading as of right within 21 days following filing of a motion to dismiss in lieu of answer pursuant to Fed.R.Civ.P. 12(b)(6).  Fed.R.Civ.P. 15(a)(1)(B).  As COI's motion to dismiss P&A's cross-claim was filed November 15, 2010, P&A's Amended Answer was properly filed.

information" to P&A during the 2002-2007 period.  *Id.* ¶ 14.  P&A further asserts that to

the extent any eligible employee was not included in COI's employer contribution, it was

COI's exclusive responsibility under the Plan to make a supplemental contribution to

rectify the omission.  *Id.* ¶ ¶ 35-38, requiring COI indemnify P&A, P&A receive

contribution from COI, in the event Plaintiffs receive an award against P&A.  *Id.* ¶ ¶ 36,

40.


## DISCUSSION

On a motion to dismiss under Rule 12(b)(6), the court looks to the four corners of

the complaint and is required to accept the plaintiff's allegations as true and to construe

those allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416

U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is

required to liberally construe the complaint, accept as true all factual allegations in the

complaint, and draw all reasonable inferences in the plaintiff's favor).  Two recent

Supreme Court cases require application of "a 'plausibility standard,' which is guided by

'[t]wo working principles.'"  *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, __ U.S.

__, 129 S.Ct. 1937, 1949 (2009)).  "First, although 'a court must accept as true all of the

allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,'

and '[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.'"  *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 129 S.Ct.

at 1949).  "'Second, only a complaint that states a plausible claim for relief survives a

motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for

relief will . . . be a context-specific task that requires the review court to draw on its judicial experience and common sense.'" *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570.

In considering motion to dismiss the complaint in an ERISA action, the court may consider the facts asserted within the four corners of the complaint, any documents attached as exhibits to the complaint, and any documents incorporated into the complaint by reference. *McCarthy v. Dun & Bradstreet Corporation*, 482 F.3d 184, 191 (2d Cir. 2007) (considering ERISA plan documents on motion to dismiss). *See Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001) (explaining that on Rule 12(b)(6) motion to dismiss, court may consider any documents of which the parties had actual notice, and which are integral to the complaint). *See also DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 111 (2d Cir. 2010) (court may consider documents "integral" to complaint on motion to dismiss); *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, 756 F.Supp.2d 330, 344-45 (S.D.N.Y. Aug. 27, 2010) (on Rule 12(b)(6) motion to dismiss for failure to state a claim, although court is limited to facts as stated in the complaint, court may also consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the Securities and Exchange Commission, and

documents possessed by or known to the plaintiff and upon which the plaintiff relied in

bringing the action) (citing *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87,

98 (2d Cir.  2007) (securities fraud action).  In this case, Plaintiff refers to both Plan and

Summary Plan Description, Amended Complaint ¶ ¶ 5, 7; Plaintiffs' Memorandum at 2-

4, and COI agrees the Plan and related documents may be considered by the court on

COI's motion to dismiss.  COI's Memorandum at 2-3 ("court may consider documents

upon which the Complaint relies, such as the Plan") (citing cases); COI's Reply

Memorandum in Support of Motion to Dismiss at 1 (relying on Plan to support COI's

contention that COI's failure to make unpaid contributions did not breach a fiduciary

duty).  P&A also extensively references the Plan.  Amended Answer ¶ ¶ 7-8, 10-11, 14-

15, 29-36, 39-41; Proposed Amended Complaint (*passim*).  Thus, the court will assess

the merits of COI's motion to dismiss Plaintiffs' claims against COI based on both the

allegations set forth in the Amended Complaint, P&A's Cross-Claims as well as the text

of the Plan and Summary Plan Description.


**COI's Motion Directed to Plaintiffs' Claims**

In support of COI's motion to dismiss, COI contends that Plaintiffs' claims

against COI alleging a violation of §1109, violations of which are the basis of Plaintiffs'

claims pursuant to § 1131(a)(2), are insufficient because, based on Plaintiffs' allegation

that COI failed to make employer contributions to the Plan, COI is not a fiduciary under

ERISA. COI's Memorandum at 4-5.  Plaintiffs argued in opposition that COI was a

fiduciary under the express terms of the Plan and that COI's discriminatory treatment of

Plaintiffs and COI's other part-time employees in making the discretionary employer

contributions as provided for by the Plan constituted a breach of COI's fiduciary duties to the Plan.  Plaintiffs' Memorandum at 4-5.  Acknowledging COI "had fiduciary duties to the Plan," COI's Reply Memorandum in Support of Motion to Dismiss at 2, COI nevertheless contends that Plaintiffs' claims are fatally deficient because of Plaintiffs' failure to allege facts demonstrating that in not making additional contributions to the Plan during the five-year period of 2002-2007, as Plaintiffs allege, COI was acting in a fiduciary capacity while performing a fiduciary function on behalf of the Plan.  *Id.* at 2-3 (citing cases). Plaintiffs have not responded to this contention.

ERISA authorizes participants in a plan covered by ERISA to bring an action pursuant to § 1132(a)(2) to recover reimbursement to the plan from a fiduciary of the plan for any "losses to the plan resulting from" a breach of "the responsibilities, obligations, or duties imposed" upon the fiduciary by ERISA subchapter I.  29 U.S.C. § 1109(a).  *See Coan v. Kaufman*, 457 F.3d 250, 257 (2d Cir. 2006) (claims under § 1132(a)(2) must be brought in representative capacity on behalf of plan).  § 1109 imposes personal liability against any fiduciary of a plan covered by ERISA for breach of any such duties and that the responsible fiduciary "make good to the plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a).  As relevant, ERISA defines a fiduciary as one who exercises any discretionary authority or discretionary control respecting management of a plan, exercises any authority or control respecting management or disposition of the plan's assets, or "has any discretionary authority or discretionary responsibility in the administration of the plan."  29 U.S.C. § 1002(21)(A) ("§ 1002(21)(A)").

ERISA also requires, as part of its subchapter I, fiduciaries to discharge their

"duties with respect to a plan solely in the interest of the participants and beneficiaries," 29 U.S.C. § 1104(a)(1) ("§ 1104(a)(1)"), using the same degree of "care, skill, prudence, and diligence under the circumstances" as would be used by a prudent person under the same circumstances, 29 U.S.C. § 1104(a)(1)(B), and "in accordance with . . . the plan."  29 U.S.C. § 1104(a)(1)(D) ("§ 1104(a)(1)(D)").

In actions seeking reimbursement from an employer for breach of its fiduciary duty to a plan imposed by § 1109(a), a plaintiff must establish not only that the employer is a fiduciary of the plan within the definition of § 1002(21)(A), but that the alleged breach occurred while the employer was performing a fiduciary function as a fiduciary of the plan rather than acting merely as an employer.  *See Pegram v. Herdich*, 530 U.S. 211, 226 (2000) (medical treatment decision excluding plaintiff from health insurance coverage by administrator-owner of HMO not a fiduciary function under ERISA); *Varity Corporation v. Howe*, 516 U.S. 489, 498, 501-02 (1996) (upholding finding by district court that in misrepresenting financial information to plan employees employer acted in capacity as plan administrator while wearing both employer and fiduciary "hat"); *Harris Trust and Savings Bank v. John Hancock Mut. Life Ins. Company*, 302 F.3d 18, 28 (2d Cir. 2002) (reversing district court's finding that defendant's capacity to gratuitously consent to requested roll-over of funds held by plan constituted exercise of discretion rendering trustee's refusal to do so a breach of fiduciary duty*), modified in part*, 137 F.Supp.2d 351, *vacated on other grds*, 302 F.3d 18 (2d Cir. 2002).  "'[A] person may be a fiduciary with respect to certain matters but not others, for he has that status 'only to the extent' that he has or exercises the described authority or responsibility.'" *Harris Trust and Savings* Bank, 302 F.3d at 28 (quoting *F.H.*

18

*Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1259 (2d Cir. 1987). "'[O]nly when fulfilling certain defined functions, including the exercise of discretionary authority or control over plan management or administration,' does a person become a fiduciary under ERISA." *Id.* (quoting *Siskind v. Sperry Ret. Program, Unisys.*, 47 F.3d 498, 505 (2d Cir. 1995)).

COI relies on *In re Halpin*, 566 F.3d 286, 290 (2d Cir. 2009) to supports COI's contention that Plaintiffs' § 1109(a) claim is insufficient as it is predicated on the fact that COI failed to make a discretionary contribution on behalf of its part-time employees and that unless the terms of the plan render such delinquent payments as plan assets such failure does not constitute a breach of fiduciary duty actionable under ERISA. COI's Memorandum at 5 (citing *Halpin*, 566 F.3d at 289, 290, 292); COI's Reply Memorandum in Support of Motion to Dismiss at 3 (same).  In *Halpin*, the court held that unpaid employer contributions to an employee benefit plan do not constitute plan assets under § 1002(21)(A) and therefore the employer was not a fiduciary in breach of a fiduciary duty in violation of § 1109(a) arising from its failure to make such contributions so as to avoid discharge in bankruptcy of the employer's liability for the unpaid contributions.  *Halpin*, 47 F.3d at 290.

COI's reliance on *Halpin* overlooks several distinguishing facts.  First, unlike the employer in *Halpin*, COI is a fiduciary of the Plan and COI concedes as much.  COI's Reply Memorandum in Support of Motion to Dismiss at 2 ("COI does not dispute that it had fiduciary duties to the Plan.").  Second, the gravamen of Plaintiffs' allegations is that while during 2002-2007 COI made annual discretionary employer contributions pursuant to the Plan § 4.1(b) equal to 2% of the wages of its full-time employees, no

such contributions were made for the benefit of COI's part-time employees and that based on the 2002 amendment to the Plan such failure amounted to an improper discrimination against part-time employees, not permitted under the terms of the Plan, resulting in the Plan not receiving $250,000 on behalf of the part-time employees. Amended Complaint ¶ ¶ 12-16; 17-19. Thus, Plaintiffs claim that COI breached its fiduciary duty to Plaintiffs turns not on the fact that COI failed to make a required contribution like the employer in *Halpin* – as COI argues – but that COI by failing to act prudently as a fiduciary in making a discretionary determination as provided by the Plan by improperly excluding the wages of part-time employees in determining the amount of the contribution, an exercise of discretion not permitted by the Plan. Plaintiffs have therefore plausibly alleged that COI breached its fiduciary responsibilities under § 1109(a) by failing to consider the interests of all participants as required by the Plan. 29 U.S.C. § 1104(a) ("fiduciary" required to discharge "duties with respect to a plan solely in the interests of the participants and beneficiaries") in violation of the Plan. *See Howe,* 516 U.S. at 506 (quoting § 1104(a)); *Srein v. Soft Drink Workers Union, Local 812,* 93 F.2d 1088, 1097 (2d Cir. 1996) ("where fiduciary duties arise under ERISA, they must be enforced without compromise to ensure that all fiduciaries exercise their discretion to serve all participants in the plan.").

Here, Plaintiffs have not alleged that COI refused to exercise its discretion to make the discretionary employer contributions, but that COI exercised its discretion in an exclusionary and imprudent manner not permitted by the express provisions of the Plan and thus engaged in a breach of its fiduciary duty to exercise its discretion for the benefits of all eligible employees in the course of engaging in a fiduciary function.

Plaintiffs have therefore also plausibly alleged that COI acted imprudently in not exercising its discretionary authority with respect to the amount of the employer contribution by improperly excluding from its consideration the wages of its part-time employees, a discretionary action not permitted by the terms of the Plan in violation of § § 1104 and 1109.  Although COI has not yet answered, COI also has not indicated that had the part-time employee wages, improperly excluded as Plaintiffs allege, been taken into account in the exercise of its discretion fixing the total amount of its annual contribution during the 2002-2007 period, the amount of the annual contributions would have been the same for the years in question.  As such, Plaintiffs have plausibly alleged that COI violated its fiduciary duty to the Plan and its part-time participants in the course of exercising a discretionary fiduciary function expressly provided for under the terms of the Plan and in connection with the administration and management of the Plan.  § 1002(21)(A).  *Compare Gay v. Medi-Ray, Inc.*, 2002 WL 34186938 at *6 (S.D.N.Y. July 26, 2002) (no breach of fiduciary duty under ERISA where profit-sharing plan trustees failed to make specific form of contributions that were not deemed plan assets and trustees had complete discretion as to the form of the contribution).

Moreover, unlike to the terms of the plan at issue in *Halpin*, which did not address whether unpaid employer contributions constituted plan assets, the terms of the Plan in this case state that where participants who should have received the benefit of an employer contribution were erroneously omitted from COI's employer contribution, COI was solely responsible for making such employees' retirement accounts whole by making a prompt supplemental contribution or payment to the Plan in accordance with Section 3.5 of the Plan.  Section 3.5's description of an omitted employee's right to

receive a "total amount (<u>other</u> <u>than</u> <u>salary</u> <u>deferrals</u> <u>which</u> <u>could</u> <u>have</u> <u>been</u> <u>made</u>)[8]

which the Employee would have received . . . had the Employee not been omitted,"

unambiguously points to the conclusion that COI's fiduciary responsibility imposed on it

by the Plan itself to make the omitted participant's account whole has reference to the

annual discretionary employer contribution, not to the participant's elective salary

contribution which COI was required to remit to P&A as Plan Administrator pursuant to

Section 4.1(a) of the Plan, and is not at issue in this case.  Thus, the Amended

Complaint and Plan also plausibly support finding that the amount of any employer

discretionary contributions that the facts may demonstrate would have been made by

COI absent Plaintiffs' erroneous omission from COI's determination of the annual

employer contribution, constitutes an asset of the Plan thereby imposing on COI a

breach of fiduciary duty based on COI's failure to make such payment to the Plan.  *See*

*Halpin*, 566 F.3d at 290, 292 (recognizing that an ERISA plan may treat unpaid

employer contributions as plan assets for ERISA purposes as a ground to impose

fiduciary liability upon an employer which fails to make such contribution based on such

default).

 COI's reliance on *Halpin*, COI's Memorandum at 3-4; COI's Reply Memorandum

in Support of Motion to Dismiss at 2-3, is therefore misplaced.  Unlike *Halpin*, here the

Plan itself designates COI as a fiduciary and authorizes COI's discretionary contribution

thus including the exercise of COI's discretion in establishing the specific amount of the

contribution as an action taken by COI while engaging in the administration of the Plan,

---

[8] Underlining added.

more than plausibly a fiduciary function.  Second, Plaintiffs do not rely exclusively on

the non-payment of the additional amounts the evidence may show would have been

contributed by COI had not the wages of its part-time employees been wrongly

excluded from COI's determination of the amount of the annual discretionary

contribution COI would otherwise have contributed for allocation among all of the

participants.  Finally, because the Plan, § 3.5, specifies that supplemental contributions

for employees wrongly excluded were to be promptly made by COI so as to make such

employees whole, such unpaid contributions could be considered as assets of the Plan

pursuant to § 1002(21)(A) providing an additional basis for finding a breach of fiduciary

duty in violation of § 1104 on COI's part thus actionable pursuant to § 1132(a)(2).

COI's motion to dismiss is therefore without merit based on COI's reliance on *Halpin.*

     In addition to *Halpin*, COI relies on several cases in support of its contention that

any alleged failure to make an additional payments as part of its annual employer

discretionary contribution based on the alleged exclusion of COI's eligible part-time

employees from COI's determination of the amount of such contribution does not

constitute a breach of fiduciary duty under §§ 1109 and 1104.  As with *Halpin*,

Discussion, *supra*, at 18-22, these cases, COI's Reply Memorandum in Support of

Motion to Dismiss at 3 (citing cases), are distinguishable.  Specifically, in *Trustees of*

*the Graphic Communications Int'l Union Upper Mid-West Local 1M Health and Welfare*

*Plan v. Bjorkedal,* 516 F.3d 719, 732 (8th Cir. 2008) ("*Bjorkedal*"), defendant's company

was required by union collective bargaining agreements ("CBAs")  to pay specified

health benefit premiums to the plan established by the CBA on behalf of its union

employees and a contract withdrawal fee equal to the cost of 60 months of health

benefit premiums for defendant's retirees as well as premiums the company withheld from its employee's wages but failed to remit to the plan.  *Bjorkedal,* 516 F.3d at 725. The court dismissed plaintiff's ERISA claim[9] seeking to impose personal liability on defendant finding that defendant's failure to make the required unpaid contributions (premiums, withdrawal fees, and employee contributions) constituted a breach of contract by a corporate officer, not a breach of fiduciary duty by a fiduciary while acting as a fiduciary under the plan.  *Id.* at 731-32.  Similarly, in *In re Luna*, 406 F.3d 1192, 1203 (10th Cir. 2005) the court found the failure by a corporate employer's officer to make monthly employer contributions to an employee benefit plan as required by a related collective bargaining agreement with the employees' union did not constitute a breach of fiduciary duty under ERISA so as to require exclusion of the unpaid contributions from a bankruptcy discharge.  *In re Luna*, 406 F.3d at 1203 (noting that the right of action to recover unpaid employer contributions to a multiemployer union's sponsored benefit plan pursuant to 29 U.S.C. § 1145 negates status of defaulting employer as a fiduciary under ERISA, 29 U.S.C. § 1002(21)(A), and the Bankruptcy Code § 523(a)).[10]  A similar failure to pay into an ERISA employee benefit plan as required by a collective bargaining agreement was found not to constitute a breach of a fiduciary duty in *Local Union 2134, United Mine Workers of America v. Powhatan Fuel, Inc.* 828 F.2d 710, 714 (11th Cir. 1987) (corporate official's failure to pay insurance premiums to plan required by union collective bargaining agreement with corporate

---

[9]  The court did not specify whether plaintiffs brought this claim pursuant to 29 U.S.C. § 1132(a).

[10]  Plaintiffs do not assert a claim pursuant to 29 U.S.C. § 1145.

defendant employer did not constitute breach of fiduciary duty by corporate official under ERISA as unpaid premiums did not constitute plan assets).

In *Halpin*, the debtor-employer was required to make employer contributions in accordance with the "Plan Documents," *Halpin*, 566 F.3d at 288, which, according to the court, included "a collective bargaining agreement and several subsidiary, plan-specific agreements" with the employer's employees' union covering retirement income, apprenticeship training programs, health care, and other employee welfare benefits.  *Id.* Nor is there any indication in *Halpin* that the debtor-employer, in contrast to COI's status as a Plan fiduciary, was designated in the Plan Documents as a fiduciary of any of the benefit plans, or any other ground upon which the debtor-employer could be considered as a fiduciary of any, or all of, the benefit plans, other than the debtor-employer's alleged failure to make the required contributions at issue in the case. Thus, in *Halpin*, the court did not identify, or state, whether the actual unpaid employer contributions at issue were fixed by the underlying collective bargaining agreement itself or by each of the several benefit plans to be funded in part, along with employee contributions, by such unpaid employer contributions, or that there was any other ground upon which the debtor-employer could be considered a fiduciary for ERISA liability purposes.  Given the fact patterns demonstrated by the other cases relied upon by COI – *Bjorkedal, Luna,* and *Local Union 2134, United Mine Workers of America* – involving specific but unpaid employer contributions required by the respective collective bargaining agreements in those cases, and not the related benefit plans themselves, as well as the fact that the unpaid employer contributions in *Halpin* were to be distributed among several benefit plans, it is a fair assumption that the unpaid

25

employer contributions at issue in *Halpin* were, like the other cases cited by COI, a contractual obligation established by the underlying collective bargaining agreement in that case and not, like the facts presented in the instant case, one created solely by operation of the terms of a specific benefit plan establishing the basis for the exercise of fiduciary discretion in managing or operating the Plan as Plaintiffs have alleged.  In sum, neither *Halpin* nor the other cases cited by COI, demonstrates that Plaintiffs' allegations fail to state a claim for relief pursuant to § 1132(a)(2).

COI's contentions also ignore Plaintiffs' claims against P&A for breach of its fiduciary obligations to properly administer the Plan in accordance with its terms as required by §§ 1104 and 1109.  Specifically, Plaintiffs allege that as a result of P&A's use of COI's payroll information P&A failed to administer the Plan so as to assure that COI's part-time employees were included in COI's employees contributions.  Amended Complaint ¶¶ 7, 14-17.  "Under ERISA, breaching fiduciaries are jointly and severally liable."  *In re Masters Mates & Pilots Pension Plan and IRAP Litigation*, 957 F.2d 1020, 1023 (2d Cir. 1992) (citing and quoting 29 U.S.C. § 1105(a)(2) (a fiduciary "shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . if, by his failure to comply with section 1104(a)(1) . . .  he has enabled such other fiduciary to commit a breach.")).  Here, Plaintiffs allege that as a result of P&A's use of COI's payroll information, P&A breached its fiduciary duty to administer the Plan to assure inclusion of COI's part-time employees in the annual employer contribution.  If Plaintiffs establish that COI breached its fiduciary obligation under the Plan to provide accurate payroll information to P&A regarding the identity and respective wages of eligible COI part-time employees as required by the Plan §§ 2.7

(COI to provide to P&A "full and timely information" . . . "on all pertinent facts" required by P&A to perform its duties), 3.3 (P&A to determine eligibility of employees for participation in Plan "based upon information furnished by" COI) and 7.11 (each fiduciary warrants that information provided shall be in accordance with the provision of the Plan authorizing or providing such information), and the court finds such erroneous information was imprudently provided by COI, or that COI failed to provide accurate information as requested by P&A, COI may also be jointly and severally liable for P&A's fiduciary breaches of its duties to the Plan to administer the Plan according to its terms for the benefit of all participants as Plaintiffs allege.  Amended Complaint at 7. Accordingly, Plaintiffs have plausibly stated a claim against COI for violation of §§ 1109 and 1104 on this ground as well.

Nor can it be contended that because COI's purpose in making its annual discretionary contribution was to promote employee longevity and loyalty as stated in the Summary Plan Description, Summary Plan Description at 5, COI's determination as to the actual amount of the contribution was in its capacity as an employer and thus not a fiduciary function.  The Supreme Court has held that where the evidence shows that an employer's conduct constituted "engaging in plan administration," *Howe*, 516 U.S. at 504, the fact that such conduct in providing inaccurate financial information to employees may have been motivated in part by the interests of the employer as employer does not preclude a finding that the challenged conduct also constituted a breach of the fiduciary duty of loyalty to a plan's participants.  *Id.* at 506 (holding that employer-administrator's deceptive communications related to future financial stability of plan made in fiduciary capacity).  Thus, Plaintiffs' allegations that COI failed to make

27

contributions on behalf of its part-time employees while making contributions on behalf of its full-time employees plausibly alleges that while acting as a fiduciary of the Plan, COI engaged in a discretionary fiduciary function as specified in the Plan, however, in a manner which violated COI's duty under § 1109 to administer the Plan for the benefit of all participants. *Howe*, 516 U.S. at 506. Accordingly, COI's contentions in support of its motion to dismiss Plaintiff's claims as stated in the Amended Complaint are without merit and COI's motion to dismiss should be DENIED.

**P&A's Cross-Claims**

In support of its motion to dismiss P&A's First Cross-Claim, seeking indemnification, COI contends the allegations of the Amended Complaint defeat any basis upon which P&A could be entitled to indemnification by COI. COI's Memorandum at 5; COI's Memorandum in Support of Motion to Dismiss Cross-Claims at 3; COI's Reply Memorandum in Support of Motion to Dismiss Cross-Claims at 5-6. COI asserts that indemnification is not available to P&A under the requirements for indemnification as stated in the Restatement (First) of Restitution § 76 (2010) (" § 76")

> A person who, in whole or in part, has discharged a duty which owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.

COI's Memorandum of Law in Support of Motion to Dismiss Cross-Claim at 3.

Specifically, COI argues that because the Amended Complaint alleges P&A is liable to Plaintiffs for P&A's own breach of its fiduciary duties, not for COI's breaches, COI's Memorandum of Law in Support of Motion to Dismiss Cross-Claims at 3, and

does not allege that COI's breaches "outweigh the fiduciary obligations P&A had to the same Plan," the First Cross-Claim fails to state a claim for indemnification as a matter of law. *Id.* COI also contends that as "P&A is being sued by the Plan not by reason of some alleged failure of duty by COI, but for its own failures as a plan fiduciary . . . [and] there is no allegation . . . that COI should have discharged P&A's duties as a Plan fiduciary," *id.,* indemnification from COI is unavailable to P&A. COI therefore maintains that P&A's contentions in defense of its First Cross-Claim ignore that no factual allegation has been made either by Plaintiffs or P&A upon which it is plausible to find that COI bears the primary responsibility for the losses to the Plan as Plaintiffs allege sufficient to require COI indemnify P&A for any award of damages against P&A. COI's Reply Memorandum in Support of Motion to Dismiss Cross-Claims at 5-6. Moreover, COI asserts that P&A's own breaches of its fiduciary duties would bar P&A from indemnification relief under § 76. COI also contends that Restatement (Second) of Trusts § 256 (2010), which P&A maintain applies to this question, is inapplicable to the question of indemnification between ERISA fiduciaries. *Id.* at 6.

On motions to dismiss a cross-claim pursuant to Rule 12(b)(6), a court "takes the allegations of the cross-claim as true and construes them in a manner favorable to the claimant." *Brown v. Koch Maschinenbau GMBH*, 2010 WL 4365668 at *1 (D.Conn. Oct. 27, 2010) (bare recitals of elements of indemnification insufficient to allege cross-claims for indemnification) (citing cases). In addition, as, in support of its cross-claims, P&A has realleged Plaintiffs' allegations pleaded in the Amended Complaint, Amended Answer ¶ 28, the court will consider Plaintiffs' allegations along with P&A's allegations as set forth in the First Cross-Claim, as COI requests. COI's Reply Memorandum of

Law in Support of Motion to Dismiss Cross-Claims at 4.  P&A agrees.  P&A's

Memorandum at 3.  The court may also consider the relevant provisions of the Plan and

Summary Plan Description.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111

(2d Cir. 2010) (permissible to consider documents "integral" to complaint on motion to

dismiss).

     It is established that indemnification is an equitable remedy, not a cause of

action, one available to a former fiduciary sued pursuant to § 1132(a).  *Smith v. Local*

*819 I.B.T. Pension Plan*, 291 F.3d 236, 241 (2d Cir. 2002) (citing *Chemung Canal Trust*

*Company v. Sovran Bank/Maryland*, 939 F.2d 12, 14 (2d Cir.), *cert. denied*, 505 U.S.

1212 (1991), and *Free v. Briody*, 732 F.2d 1331, 1337 (7th Cir. 1984)).  In *Chemung*

*Canal Trust Company,* the Second Circuit expressly found that remedies of contribution

and indemnity are fundamental principles of "equity jurisprudence" governing the law of

trusts, and as such, should be incorporated into "the federal common law of ERISA."

*Chemung Canal Trust Company*, 939 F.2d at 15.  *See also In re State Street and Trust*

*Co. Fixed Income Funds Investment Litig.*, 2011 WL 1105687 at *25 (S.D.N.Y. Mar. 28,

2011) (contribution and indemnification available under ERISA); *Rubin v. Valicenti*

*Advisory Services, Inc.*, 326 F.Supp.2d 427, 428-429 (W.D.N.Y. 2004) (holding that

former fiduciaries have standing to pursue equitable remedies of contribution and

indemnity against present trustees); *Lee v. Manufacturers & Traders Trust Co.,* 219

F.R.D. 265, 267 (W.D.N.Y. 2004) (third-party claim against trustees by former trustee

for contribution and indemnity allowed); *Sunderlin v. First Reliance Standard Life Ins.*

*Co.,* 255 F.Supp.2d 222, 237 n. 14 (W.D.N.Y. 2002) (finding remedies of

indemnification and contribution between ERISA fiduciaries remain available despite

holding in *Great-West Life and Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002));

*Petrilli v. Gow*, 957 F.Supp. 366, 371 (D.Conn. 1997) (denying dismissal of indemnity

and contribution claims between fiduciaries in ERISA action).

Indemnification shifts "the entire loss to one who more justly deserved it."  *In re*

*Masters Mates & Pilots Pension Plan and IRAP Litigation*, 957 F.2d 1020, 1027-28 (2d

Cir. 1997) (citing *Zapico v. Bucyrus-Erie Co.*, 579 F.2d 714, 718 (2d Cir. 1978)).

Indemnification, like contribution, among trustees of an ERISA plan should be

determined by the law of trusts.  *Chemung Canal Trust Company*, 939 F.2d at 16 citing

Restatement (Second) of Trusts § 258 (contribution or indemnity from co-trustee) (" §

258"), not the Restatement of Restitution § 76.  According to § 258, where co-trustees

are liable for "a breach of trust," each is entitled to contribution from the other unless

one trustee is "substantially more at fault than the other" in which case such trustee

shall indemnify the co-trustee who is substantially less at fault.  Restatement (Second)

of Trusts § 258(1)(a).  COI's assertion that the Restatement of Restitution § 76 provides

the basis for evaluating P&A's First Cross-Claim, COI's Memorandum of Law in Support

of Motion to Dismiss Cross-Claims at 3, which allows indemnification for discharge of a

duty, *e.g.*, a discharge by one person which should have been discharged by another

who is not at fault, is therefore incorrect.

COI's contention that P&A's First Cross-Claim for indemnification is factually

deficient overlooks several key allegations and relevant provisions of the Plan.  As

discussed, Discussion, *supra*, at 16-17, Plaintiffs have asserted several breaches by

P&A and COI of their respective fiduciary duties to the Plan.  In substance, Plaintiffs

allege that P&A had fiduciary responsibility to determine the eligibility of participatory

employees and the amount of each employee's share of any employer contributions. Amended Complaint ¶ ¶ 7, 15.  P&A's determination of such eligibility, according to Plaintiffs, was based on payroll information provided by COI.  *Id.* ¶ 14.  Plaintiff also allege that P&A failed to advise COI as employer of the "need to make contributions with regard" to COI's part-time employees, *id.* ¶ 17A, and failed to "ensure" that the Plan was administered in accordance with its terms."   *Id.* ¶ 17B.  Plaintiffs also allege that COI failed to make employer contributions on behalf of eligible part-time employees as required by the Plan.  *Id.* ¶ 17 at 6.

In support of its First Cross-Claim, P&A alleges that despite its requests to COI during the 2002-2007 period for information needed by P&A to verify certain data regarding COI's employees, COI failed to provide the requested information which required P&A to inform COI that certain COI eligible employees, "had not received employer contributions."  Amended Answer ¶ ¶ 37-39.  P&A also alleges that during the 2002-2007 period, COI "assumed authority and control" as to which of its employees COI would consider as eligible to receive the benefit of COI's employer contributions. *Id.* ¶ 40.[11]  Further, P&A alleges that pursuant to Section 3.5 of the Plan, COI, not P&A, had the sole duty to make supplemental contributions to the Plan to compensate eligible employees in the event such employees were erroneously omitted from the determination and payment of any employer discretionary contributions by COI as Plaintiffs also allege.  Amended Complaint ¶ 35.  Moreover, although not specifically alleged by P&A, under the Plan, COI had the duty to periodically oversee the functions

---

[11]  Although these specific allegations are not repeated in the Proposed Amended Answer, they are presented in the Amended Answer.

of P&A as Plan Administrator.  Plan § 2.1(d).

Assuming the truth, as required, of both Plaintiffs and P&A's allegations as relevant to the First Cross-Claim, if Plaintiffs prove that P&A breached its duty to properly administer the Plan by including eligible part-time employees' relevant wage information in reporting to COI in order to enable COI to calculate its annual discretionary employer contribution, and that, as P&A alleges, P&A's ability to include the wages of such employees in COI's calculation of the amount of its annual contributions was frustrated or interfered with by COI's failure to provide complete and accurate employee related information as well as COI's intervention in the administration of the Plan by assuming the authority to designate employee eligibility in the determination of the contribution, it is not implausible to find (and that the trial court could well conclude), based on supporting evidence adduced through discovery, that the party primarily responsible for any resulting loss to the Plan was COI, not P&A, and that should P&A be obliged to pay any judgment in favor of the Plan, P&A would be entitled to indemnification.

Moreover, even if the Restatement of Restitution § 76 were applicable, as COI contends, based on the relevant allegations, if established, a court could also find that P&A was not guilty of any "wrongdoing" sufficient to bar it from receiving indemnification from COI as P&A's breaches of its fiduciary duty to properly administer the Plan for the benefit of all eligible employees resulted substantially from COI's improper actions. Additionally, should the evidence establish that P&A's failure to administer the Plan for benefit of all eligible employees was attributable primarily to COI's failure to provide competent periodic oversight of P&A's conduct as required by Plan § 2.1(d), P&A may

also be entitled to indemnification from COI on this basis as well.  Finally, even if P&A is guilty of a breach of its fiduciary duty, as the Plan renders COI exclusively responsible for making supplemental contributions if eligible employees were excluded from COI's contribution, Plan § 3.5, P&A would be entitled to indemnification from COI under the Plan on this ground.  As the court in *Lee* stated, whether the former trustee "can convince the fact finder that [the existing trustees] alleged defalcations caused the plan's loss or contributed to it, is a matter of proof and cannot be decided as a matter of law" on a motion to dismiss.  *Lee*, 219 F.R.D. at 267.  Thus, COI's assertion that P&A has failed to allege a basis upon which COI rather than P&A should be held responsible for any loss to the Plan is unfounded.  Accordingly, COI's motion to dismiss P&A's First Cross-Claim for indemnification is without merit and should be DENIED.

Although COI has also moved to dismiss P&A's Second and Third Cross-Claims, as these cross-claims are not included in P&A's Proposed Amended Answer, Doc. No. 63-1 (*see* ¶ ¶ 28-40 asserting cross-claims for indemnification and contribution only), the court presumes P&A intends to abandon these cross-claims thereby rendering COI's motion as directed to P&A's Second and Third Cross-Claims as presently asserted in the Amended Answer, Amended Answer ¶ ¶ 43-49, ¶ ¶ 50-55, respectively, moot.  As such, COI's motion as regards P&A's Second and Third Cross-Claims should be DISMISSED as moot without prejudice.

Turning to P&A's motion for leave to file an amended answer to include a cross-claim for contribution, the court finds the request should GRANTED.  COI's opposition is based on its contention that the proposed amended answer contains no allegation raising a plausible right of P&A for contribution from COI.  COI's Memorandum of Law

in Opposition to P&A's Motion for Leave to Amend at 2-3.  Specifically, COI argues that P&A does not allege COI "caused P&A to breach its fiduciary duties to the . . . Plan," or any other facts sufficient to require COI "to relieve [P&A] in whole or in part, from the consequences of the fiduciary failures alleged against P&A by plaintiffs." *Id.* at 3.  P&A has not responded to these contentions.

Fed.R.Civ.P. 15 provides that leave to amend a pleading "shall be freely granted when justice so requires."  An amended complaint may be filed pursuant to Fed.R.Civ.P. 15(a) where the new allegations do not unduly prejudice an opponent, are not the result of undue delay or bad faith, and are not futile.  *Foman v. Davis*, 371 U.S. 178, 181 (1962).  Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted.  *Block v. First Blood Associates,* 988 F. 2d 344, 350 (2d Cir. 1993).

Where a requested pleading amendment is futile, "it is not an abuse of discretion to deny leave to amend" to the moving party.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993).  *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997) ("Leave to amend need not be granted . . . where the proposed amendment would be futile.") (internal citation and quotation marks omitted).  A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under Rule 12(b)(6).  *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F.Supp.2d 657, 666 (S.D.N.Y.2001).   "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  *Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir. 2003).  *See Jones v. New York Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d

Cir. 1999) (holding an amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground.").

In determining the availability of contribution among "defaulting fiduciaries," under ERISA, *Chemung Canal Trust Company*, 939 F.2d at 16, the Second Circuit concluded that courts should apply § 258 of the Restatement (Second) of Trusts.  *Id*. As relevant, Restatement (Second) of Trusts § 258 provides

> . . . where two trustees are liable to the beneficiary for a breach of trust, each of them is entitled to contribution from the other . . . [as follows]
> (a)  if one of them is substantially more at fault than the other, he is not entitled to contribution from the other but the other is entitled to indemnity from him; or
> (b)  . . .; and for any other liability, <u>if neither is more at fault than the other, each is entitled to contribution</u>.

Thus, contribution as an equitable remedy mitigates the potential severity of joint and several liability by permitting a joint-tortfeasor, *i.e.*, a co-fiduciary, to recover a fair portion of any judgment paid by such fiduciary from a culpable trustee based on the relative fault of the other liable trustee for loss to the trust.  *Masters Mates & Pilots Pension Plan and IRAP Litigation*, 957 F.2d at 1027-28; *Chemung Canal Trust Co.*, 939 F.2d at 15 (contribution is a "procedural device for equitably distributing responsibility for plaintiff's losses among those responsible for the losses.").  COI argues that P&A's proposed contribution cross-claim be rejected as it fails to allege that COI caused P&A's alleged breaches of its fiduciary duties.  COI's Memorandum in Opposition to P&A's Motion for Leave to Amend at 3.

In considering the merits of a potential contribution claim in an ERISA case,

courts apply § 258 to determine whether the proposed request for contribution alleges a breach by the co-fiduciary of the same fiduciary duty charged against the co-fiduciary accused by plaintiff, *see Sunderlin*, 235 F.Supp.2d at 237, or that the fiduciary duties of the respective co-fiduciaries are sufficiently overlapping or "intertwined" to support a find that the fiduciary breach by the fiduciary from whom contribution is sought also contributed to the alleged loss. *See In re State Street Bank and Trust Co. Fixed Income Funds Investment Litigation*, 2011 WL 1105687, at **27-28. Here, the Amended Complaint, the Amended Answer and the Proposed Amended Answer amply meet these standards. While § 258 refers to "a breach of fiduciary trust" as triggering potential rights to indemnification or contribution for liability from resulting losses, § 258 does not require that the relative fault of defaulting fiduciaries arise from the identical breach. *See* Restatement (Second) of Torts § 875 (2010) ("Each of two or more persons whose tortious conduct is a legal cause of a single and indivisible harm to the injured party is subject to liability to the injured party for the entire harm"). Further, "[i]f the tortious conduct of two or more persons is a legal cause of harm that cannot be apportioned, each is subject to liability for the entire harm, irrespective of whether their conduct is concurring or consecutive." Restatement (Second) of Torts § 879. In such cases, the right of contribution among the tortfeasors is available. § 875 cmt.a.; § 886A.

Thus, if P&A and COI are found to have breached specific fiduciary duties to the Plan, and the respective breaches by both fiduciaries were each substantial in causing the resulting alleged loss to the Plan, the apportionment of fault by contribution between COI and P&A contemplated by § 258 is nevertheless permitted. So long as there is some factual nexus between the respective alleged breaches resulting in the same

harm, contribution remains available.  *See Sunderlin*, 235 F.Supp.2d at 237 (noting lack

of factual connection between failure of defendant plan administrator to provide

requested plan summary and failure to pay benefits by plan insurer in dismissing

contribution claim); *In re State Street Bank and Trust Co. Fixed Income Funds*

*Investment Litigation*, 2011 WL 1105687 at **27-28 (noting overlap between defendant

fund manager's breach of duty of prudent fund management and prospective

contribution defendant's duty as fund intermediary to properly disclose fund manager's

improper investment practices to plan as basis for establishing that breaches by both

fiduciaries proximately caused loss as basis for potential contribution).  *See also Harris*

*Trust and Savings*, 122 F.Supp.2d at 464, (denying contribution under § 258 for lack of

evidence that cofiduciary "played any role in the actions that resulted in a breach of

Hancock's fiduciary obligations.").

   As discussed, Discussion, *supra*, at 18-20, the Amended Complaint alleges that

P&A defaulted on its obligation to administer the Plan for the benefit of all eligible

employees to assure COI's part-time employees received the benefit of COI's annual

discretionary contribution.  Plaintiffs further allege COI breached its fiduciary duty to the

Plan to make contributions to the Plan without distinction as to the full-time or part-time

status of eligible employees with the result that during the 2002-2007 period, the Plan

received $250,000 less in the amount of such contributions than COI should and, based

on the allegations, would have contributed had the wages of the part-time employee

been considered by COI as Plaintiffs allege was COI's fiduciary duty to the Plan.

Further, the Amended Answer asserts that COI failed to provide accurate employee

data to P&A, failed to oversee P&A's administration of the Plan, and interfered with

P&A's administration of the Plan by deciding for itself on which employees wages to base the amount of the contributions.  Although the allegations presently stated in the proposed Amended Complaint are less explicit as regards the basis of COI's potential culpability, it nevertheless asserts COI's fiduciary duty to make supplemental contributions in the event any employee was erroneously omitted from the contribution and that any liability found against P&A was caused by the "active and primary" breach of COI's fiduciary duty to make such supplemental contribution.  As discussed, Discussion, *supra*, at 21-23, the Plan itself requires COI to make such supplemental contributions.  *See* Plan § 3.5.  Additionally, if it is shown that P&A's alleged breaches of duty came about in part from COI's breaches of its duties to the Plan resulting in the alleged $250,000 loss, and P&A's indemnification claim were to be rejected, *i.e.*, that the predominate fault was P&A's, it is not implausible that the court would apportion fault and award contribution to P&A.  As such, these allegations fairly allege that as a result of breaches of several fiduciary duties imposed by the terms of the Plan on the part of P&A and COI, the Plan suffered a substantial loss caused by the combined effect of these alleged breaches.  Thus, while P&A may be found to have breached its duties to the Plan, P&A's liability, if any, will nevertheless be the direct result of COI's alleged failure to comply with its duties to the Plan particularly including its failures to provide accurate employee payroll information to P&A and to make a compensatory supplemental contribution for the benefit of the eligible part-time employees who were wrongfully excluded by the various alleged fiduciary defaults on the part of both P&A and COI.  Accordingly, there are ample grounds, as pleaded or proposed to be pleaded by P&A, to support P&A's requested contribution claim based on a finding of

proportional fault consistent with the requirement of § 258 and relevant caselaw.  COI's

opposition to P&A's motion is therefore without merit and P&A's motion should be

GRANTED.


## CONCLUSION

Based on the foregoing, COI's motions to dismiss (Doc. No. 45 and 55) Plaintiffs'

claims and P&A's Cross-Claims against it should be DENIED; P&A's motion to amend

(Doc. No. 62) is GRANTED.

<div style="margin-left:40%">

Respectfully submitted as to
Defendant COI's Motions to Dismiss

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

</div>

SO ORDERED as to
Defendant P&A's Motion to Amend

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 6, 2011
       Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Wesolek v. Canadair Limited, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiffs and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      June 6, 2011
                 Buffalo, New York